**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation,

Plaintiff,

v.

MANUEL NUNEZ
1655 Mitchell Road
Aurora, IL 60505

JORGE ONTIVEROS
1110 Johnston Drive
Aurora, IL 60506

LUCY ONTIVEROS
1110 Johnston Drive
Aurora, IL 60506

KIKAS CONSTRUCTION, INC.
1700 N. Farnsworth Avenue
Suite 24
Aurora, IL 60505
Agent: Alphonsus C. Olieh

LITTLE EXPLORERS LEARNING CENTER, INC.
325 E. Galena Blvd.
Aurora, IL 60505
Agent: Marvin Britt

Defendants.

Case No.: __________

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff United States Liability Insurance Company ("USLIC"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment

against Defendants Manuel Nunez, Jorge Ontiveros, Lucy Ontiveros, Kikas Construction, Inc. ("Kikas Construction"), and Little Explorers Learning Center, Inc. ("LELC"), alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. USLIC is an insurance company organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania, and, for purposes of diversity jurisdiction, USLIC is a citizen of Pennsylvania.

2. USLIC is authorized to conduct insurance business in the State of Illinois.

3. Upon information and belief, Defendant Manuel Nunez is an individual who resides at 1655 Mitchell Road, Aurora, Illinois and, for purposes of diversity jurisdiction, is a citizen of Illinois.

4. Upon information and belief, Defendants Jorge Ontiveros and Lucy Ontiveros, husband and wife, reside at 1110 Johnston Drive, Aurora, Illinois, and, for purposes of diversity jurisdiction, are citizens of Illinois.

5. Upon information and belief, Kikas Construction was a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Aurora, Illinois, and for purposes of diversity jurisdiction, was a citizen of Illinois. According to records maintained by the Illinois Secretary of State, Kikas Construction was dissolved on or about November 11, 2016.

6. Upon information and belief, LELC is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois and, for purposes of diversity jurisdiction, is a citizen of Illinois.

7. This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 exclusive of interest and costs and the action is between citizens of different states, in that USLIC is a citizen of the State of Pennsylvania and Defendants are citizens of the State of Illinois.

8. This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 2201(a) because this Complaint seeks a judicial declaration of the rights, status, and legal relations of and among the parties with regard to a contract of insurance and because an actual case and controversy of a justiciable nature exists among the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because all Defendants reside and principally operate in the Northern District of Illinois and because all events giving rise to this dispute occurred in said District.

10. Venue is proper in the Eastern Division of this Court because all Defendants reside and/or principally operate in Kane County, Illinois.

## FACTS COMMON TO ALL COUNTS

11. In or about 2015, Jorge and Lucy Ontiveros filed in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois the case captioned *Jorge Ontiveros and Lucy Ontiveros v. Manuel Nunez, Kika's Construction, Inc., and Little Explorers Learning Center,* Case No. 15L576 (the "Underlying Lawsuit").

12. On or about June 29, 2018, Jorge and Lucy Ontiveros filed their Third Amended Complaint in the Underlying Lawsuit. (A true copy of the Third Amended Complaint in the Underlying Lawsuit is attached hereto as Exhibit "A").

13. The Underlying Lawsuit arises out of injuries allegedly sustained by Jorge Ontiveros on October 15, 2015.

14. Jorge and Lucy Ontiveros allege that sometime before October 15, 2015, LELC engaged Kikas Construction and/or Manuel Nunez to be the general contractor for a project at 325 E. Galena Boulevard, Aurora, Illinois (the "premises"). (Third Amended Complaint Count I ¶ 4).

15. Jorge and Lucy Ontiveros further allege that before and on October 15, 2015, Jorge Ontiveros was engaged by Kikas Construction and/or Nunez as a subcontractor for the construction project. (Third Amended Complaint Count I ¶ 5).

16. Jorge and Lucy Ontiveros further allege that on October 15, 2015, there was a condition on the premises which presented an unreasonable risk of harm to people on the premises; that Defendants Kikas Construction and Nunez knew, or in the exercise of ordinary care should have known, of said condition; and, that Kikas Construction and Nunez could reasonably expect persons on the premises, including Jorge Ontiveros, whose employment required him to be in, on, or near the condition, would not discover or realize the danger, or would fail to protect themselves from the danger. (Third Amended Complaint Count I ¶'s 7-9).

17. Jorge and Lucy Ontiveros further allege Kikas Construction and Nunez each retained some control of the safety of the construction work being done on the premises and each had a duty to exercise that control with ordinary care. (Third Amended Complaint Count I ¶ 10).

18. Jorge and Lucy Ontiveros further allege Defendants Kikas Construction and Nunez were negligent and, as a direct and proximate result of their negligent acts or omissions, Jorge Ontiveros was injured. (Third Amended Complaint Count I ¶'s 12-13).

19. Jorge and Lucy Ontiveros seek damages from Kikas Construction, Nunez and LELC for injuries allegedly sustained by Jorge Ontiveros on October 15, 2015. (Third Amended Complaint Counts I-IX).

**THE USLIC POLICY**

20. USLIC issued to Nunez a Commercial General Liability Policy, Policy Number CL 1719379, effective September 10, 2015 to September 10, 2016 (the "Policy"). (A true copy of the Policy is attached hereto as Exhibit "B").

21. The Policy includes a Commercial General Liability Coverage Form which includes the following Insuring Agreement:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …
>
> **(Form CG 00 01 12 07)**

22. The Policy contains the following Exclusion:

**2. Exclusions**

This insurance does not apply to:

…

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

…

**(Form CG 00 01 12 07)**

23. The Policy contains the following endorsement:

**CONTRACTUAL LIABILITY LIMITATION**

"Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
**b.** A sidetrack agreement;
**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
**e.** An elevator maintenance agreement;

**(Form CG 21 39 10 93)**

24. The Policy contains the following endorsement:

**BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTORS**

**Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, 2. Exclusions, e. Employer's Liability** is deleted in its entirety and replaced with the following:

**e. Employer's Liability**
  **(1)** "Bodily injury" to any "employee", "volunteer worker", "temporary worker" or "casual laborer" arising out of or in the course of:
  **(a)** Employment by any insured; or
  **(b)** Performing duties related to the conduct of any insured's business;

  **(2)** "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity; or

  **(3)** Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or

  **(4)** "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any insured, or of a contractor, subcontractor, or of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor as a consequence of any injury to any person as set forth in (1) and (2) above.

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

"Casual laborer" means any person providing work or materials to any insured for compensation of any type.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**(Form L 500 (02-11))**

25. The Policy also contains the following endorsement:

**INDEPENDENTCONTRACTORS/SUBCONTRACTORS EXCLUSION**

It is agreed that this policy shall not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the operations performed for any insured by any independent contractor(s) and/or subcontractors(s) or acts or omissions of any insured in the selection, retention or supervision of any independent contractor(s) and/or subcontractor(s).

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**(Form L-278 (03-14))**


## COUNT I

## DECLARATORY JUDGMENT

26. USLIC incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 25 of this Complaint for Declaratory Judgment.

27. The Policy was written to provide coverage to Nunez, an individual, and does not provide coverage to Kikas Construction.

28. The Policy provides that USLIC will have no duty to defend Nunez against any suit seeking damages for bodily injury to which this insurance does not apply.

29. The Policy provides no coverage for the allegations in the Underlying Lawsuit.

30. Any coverage for the allegations made in the Underlying Lawsuit is excluded by operation of the Bodily Injury Exclusion, in that the Underlying Lawsuit arises from bodily injury to any contractor or subcontractor and arises out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor or subcontractor.

31. Alternatively, any coverage for the allegations made in the Underlying Lawsuit is excluded by operation of the Bodily Injury Exclusion, in that the Underlying Lawsuit arises from bodily injury to any employee, volunteer worker, temporary worker or casual laborer, and arises out of or in the course of such employment by any insured or while performing duties related to the conduct of the insured's business.

32. Alternatively, any coverage for the allegations made in the Underlying Lawsuit is excluded by operation of the Independent Contractor/Subcontractor Exclusion, in that the alleged bodily injuries in the Underlying Lawsuit arise out of the operations performed for an insured by an independent contractor and/or subcontractor.

33. Alternatively, any coverage for the allegations made in the Underlying Lawsuit is excluded by operation of the Contractual Liability Exclusion.

34. The allegations of the Underlying Lawsuit are excluded from coverage under the Policy.

35. USLIC does not owe and has never owed Nunez a duty to defend him against the claims asserted by Jorge and Lucy Ontiveros in the Underlying Lawsuit.

36. USLIC does not owe and has never owed Kikas Construction and/or LELC a duty to defend them against the claims asserted by Jorge and Lucy Ontiveros in the Underlying Lawsuit.

37. USLIC does not owe Nunez a duty to indemnify him for the claims asserted against Nunez by Jorge and Lucy Ontiveros in the Underlying Lawsuit or for any judgment that may be entered on any such claims.

38. USLIC does not owe Kikas Construction and/or LELC a duty to indemnify them for the claims asserted against them by Jorge and Lucy Ontiveros in the Underlying Lawsuit or for any judgment that may be entered on such claims.

WHEREFORE, USLIC respectfully prays that the Court: (i) enter judgment in favor of USLIC and against all Defendants on Count I of this Complaint for Declaratory Judgment; (ii) declare that USLIC does not owe and has never owed Nunez a duty to

defend him against the claims asserted by Jorge and Lucy Ontiveros in the Underlying Lawsuit; (iii) declare that USLIC does not owe and has never owed Kikas Construction and/or LELC a duty to defend them against the claims asserted by Jorge and Lucy Ontiveros in the Underlying Lawsuit; (iv) declare that USLIC does not owe Nunez a duty to indemnify him for the claims asserted by Jorge and Lucy Ontiveros in the Underlying Lawsuit or for any judgment that may be entered on any such claims; (v) declare that USLIC does not owe Kikas Construction and/or LELC a duty to indemnify them for the claims asserted by Jorge and Lucy Ontiveros in the Underlying Lawsuit or for any judgment that may be entered on such claims; and (vi) grant to USLIC such other and further relief as the Court deems just and proper under the circumstances.

        Respectfully Submitted,

        **FOLAND, WICKENS, ROPER,**
        **HOFER AND CRAWFORD, P.C.**

        */s/ Scott D. Hofer*
        SCOTT D. HOFER (IL #6220152)
        1200 Main Street, Suite 2200
        Kansas City, Missouri 64105
        Telephone: (816) 472-7474
        Facsimile: (816) 472-6262
        Email: shofer@fwpclaw.com
        ***ATTORNEYS FOR PLAINTIFF***
        ***UNITED STATES LIABILITY***
        ***INSURANCE COMPANY***